# IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
# DIVISION OF ST. THOMAS AND ST. JOHN

**AGUENDO DE JESUS SANCHEZ,**           ) D.C. CV. No. 2003-167
    Petitioner,                              )
                                              ) Ref.: D.C. CR. NO. 2000-645
    v.                                        )
                                              )
**UNITED STATES OF AMERICA**,             )
    Respondent.                               )
_____)

**Copies to:**
    Geoffrey W. Barnard, Magistrate Judge
    United States Attorney's Office
    Aguendo Sanchez, Reg. No. 05976-094, Federal Medical Center
    Butner, P.O. Box 1600, Butner, NC 27509 - (Please Mark:
    "LEGAL MAIL")

# MEMORANDUM OPINION

**GOMEZ, C.J.**

Before the Court for consideration is Petitioner Aguendo de Jesus Sanchez's ("Sanchez") *pro se* motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255 and the government's opposition thereto.

## I. FACTS AND PROCEDURAL HISTORY

Insofar as this opinion is written solely for the parties, only those facts relevant to this discussion will be recited. In September 2000, Sanchez and co-defendant[1] Miguel Montero-Baez

---

[1] Sanchez and two co-defendants, Miguel Angel Montero-Baez and Julio Moncado-Polomo, all pled guilty to the drug conspiracy. *United States v. Moncado-Polomo*, 55 Fed. Appx. 598 (3d Cir. 2002) (affirming conviction); *United States v. Sanchez*, 53 Fed. Appx. 208 (3d Cir. 2002) (affirming conviction).

("Montero-Baez") were observed by the United States Customs Service ("Customs") in a boat leaving St. Thomas, U.S. Virgin Islands. The Customs agents followed the boat, and observed that Sanchez appeared to be directing Montero-Baez where to go and he aided in restarting the boat after the engine stalled. The boat carrying Sanchez and Montero-Baez met with another boat in an area south of St. Thomas and agents observed bales being transferred to the boat from St. Thomas. After the transfer, the boat from St. Thomas, now with three (3) people on board, left the area. Later, with the assistance of a Customs helicopter and Coast Guard Marine Units, Sanchez, Montero-Baez, and Julio Moncado-Polomo ("Moncado-Polomo") were observed throwing bales of cocaine overboard as they attempted to flee. During the chase, the engine stalled again and the occupants jumped overboard where they were retrieved along with eighteen (18) bales of cocaine. At the time of his arrest, Sanchez had in his possession several telephone numbers that matched those in the possession of Moncado-Polomo.

The three (3) co-defendants pled guilty. More specifically, Sanchez pled guilty to conspiracy to possess with intent to distribute more than five kilograms of cocaine in violation of 21 U.S.C. §§ 841 and 846(a)(1).[2] On October 17, 2001, he was

---

[2] Sanchez was assisted by a court interpreter at all court proceedings and he signed both an English and Spanish version of the
(continued...)

sentenced by the Honorable Thomas K. Moore to 210 months imprisonment, five (5) years supervised release, and a special assessment of $100. He appealed.

On appeal, Sanchez's counsel, Maria B. Resnick, Esq. ("Resnick") filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967) identifying, but finding meritless, possible challenges to Sanchez's guilty plea, the government's potential breach of the plea agreement, and this Court's refusal to depart downward for a minor role pursuant to United States Sentencing Guidelines ("USSG") § 3B1.2 (2002) and the safety valve, 18 U.S.C. § 2553(f) (2002). Sanchez filed an informal brief challenging his sentence under *Apprendi v. New Jersey*, 530 U.S. 466 (2000) on grounds that this Court imposed a sentence beyond the prescribed statutory maximum, and that his counsel was ineffective in failing to raise the *Apprendi* issue at sentencing and on appeal. The Court of Appeals found all issues without merit and affirmed Sanchez's conviction.

## II. DISCUSSION

In this § 2255 motion, Sanchez alleges: 1) that his plea was not knowing and intelligent and, therefore, unconstitutional; 2)

---

[2](...continued)
application for permission to plead guilty. Gov't Resp., Ex. A, Plea Tr. at 8, 11.)

that counsel provided ineffective assistance in failing to advise him of the nature of the charges against him, possible defenses, the government's burden of proof, and the function of the USSG in his sentence regardless of whether he went to trial or not; and 3) that in light of *Apprendi v. New Jersey*, 530 U.S. 466 (2000) and *Blakely v. Washington*, 542 U.S. 296 (2004) his sentence was unconstitutionally increased by facts neither charged in the Indictment nor admitted by him.  An evidentiary hearing was not needed to develop facts.  *See* Rules Governing Section 2255 Proceedings, Rule 8; *United States V. Headley*, 923 F.2d 1079, 1083 (3d Cir. 1991).

**A. Standards of Review**

To prevail in a § 2255 motion alleging constitutional error, a petitioner must establish an error of constitutional magnitude which had a "substantial and injurious effect or influence" on the proceedings.  *See Brecht v. Abrahamson*, 507 U.S. 619, 623 (1993); *see also Petersen v. United States*, CV. No. 1998-066, 2003 WL 22836477, at *2 (D.V.I. Nov. 24, 2003).  Even an error that may justify a reversal on direct appeal will not necessarily sustain a collateral attack.  *See United States v. Addonizio,* 442 U.S. 178, 184-85 (1979).

Claims of ineffective assistance of counsel must satisfy the

two-part test enunciated in *Strickland v. Washington*, 466 U.S. 668 (1984). First, a petitioner must show that, considering the facts of the case, his counsel's challenged actions were unreasonable. *Id.* at 690. The Court must review a petitioner's claim under the "strong presumption that the counsel's conduct falls within the wide range of reasonable professional assistance; that is, [Sanchez] must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" *Id.* at 688. Second, the petitioner must show that he was prejudiced by counsel's conduct in that there is a "reasonable probability" that deficient assistance of counsel affected the outcome of the proceeding at issue. *Id.* at 694-95. "The benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Id.* at 686.

**B. Sanchez's claim that his plea was not knowing and intelligent is procedurally barred.**

Sanchez argues that his plea was not knowing and intelligent because he: 1) did not understand the nature of the charges; 2) did not know the law pertinent to his case; 3) did not know the government's burden of proof; 4) did not understand the role of the USSG and its applicability to his case; and 5) did not understand the ramifications of the mandatory minimum sentence. He, therefore, contends that he would not have pled guilty had he been

informed of the above-mentioned elements by his counsel, with the assistance of a Spanish interpreter. The government counters that this claim is barred because it could have been raised on direct appeal but Sanchez failed to do so. For the reasons that follow, the Court agrees that this claim is procedurally barred.

It is well settled that a motion to vacate, set aside or correct a sentence under 28 U.S.C. § 2255 motion is not a substitute for a direct appeal and serves only to protect a petitioner from a violation of the Constitution or from a statutory defect so fundamental that a complete miscarriage of justice has occurred. *See United States v. Frady*, 456 U.S. 152, 164 (1982); *United States v. Cepero*, 224 F.3d 256, 267 (3d Cir. 2000) (citing *Reed v. Farley*, 512 U.S. 339, 348 (1994) (other citations omitted)). "Where a defendant has procedurally defaulted a claim by failing to raise it on direct review, the claim may be raised in habeas only if the defendant can first demonstrate either 'cause' for the failure to comply with the procedural requirement and that actual 'prejudice' would result from the alleged constitutional violation, or that he is 'actually innocent.'" *Bousley v. United States*, 523 U.S. 614, 622 (1998) (internal citations omitted); *see also Jenkins v. United States*, 333 F.3d 151, 155 (3d Cir. 2003); *United States v. Sanders*, 165 F.3d 248, 250 (3d Cir. 1999). There is no procedural default for failure to raise an ineffective assistance claim on direct appeal. *Massaro v. United States*, 538

U.S. 500, 503-04 (2003).

"The cause standard requires the petitioner to show that 'some objective factor external to the defense impeded counsel's efforts to raise the claim." *McCleskey v. Zant,* 499 U.S. 467, 493 (1991) (quoting *Murray v. Carrier,* 477 U.S. 478, 488 (1986)). While constitutionally ineffective assistance of counsel is "cause," attorney error short of ineffective assistance of counsel does not constitute cause and will not excuse a procedural default. *McCleskey*, 499 U.S. at 494 (citations omitted). Prejudice requires a showing that the alleged error "so infected the entire trial that the resulting conviction violates due process." *Frady*, 456 U.S. at 168-69 (citations omitted).

With regard to the "cause" element, Sanchez tries to justify his failure to raise the issue of his unknowing and unintelligent plea by arguing that his procedural default is the result of ineffective assistance of counsel. The United States Supreme Court has held that "the mere fact that counsel failed to recognize the factual or legal basis for a claim, or failed to raise the claim despite recognizing it, does not constitute cause for a procedural default." *Murray*, 477 U.S. at 486. Sanchez has not shown that his counsel's performance amounted to ineffective assistance, and as a result, there is no "cause" to excuse his procedural default. In reaching this conclusion, the Court also notes that once appellate counsel filed and *Anders* brief, Sanchez filed a *pro se* brief, and

could have raised the issue that his plea was unknowing and involuntary at that time, but he failed to do so. Lastly, the record at Sanchez's Rule 11 plea colloquy, where he was assisted by Spanish interpreter, Sonia Carson, belies any assertion that his plea was unknowing and involuntary. (Gov't Resp., Ex. A, Plea Tr. at 11, 14, 17-18, 21-22.)[3] Because the Court simply cannot find any evidence external to Sanchez's defense that prohibited him from raising the foregoing issues, Sanchez has failed to demonstrate cause for his procedural default.

In the absence of cause, the Court need not proceed to address the issue of prejudice. *See Murray*, 477 U.S. at 533. Nonetheless, the Court is cognizant of the fact that even absent a showing of cause for the procedural default, a writ of habeas corpus may be granted where a constitutional violation has probably resulted in the conviction of one who is actually innocent. *Id.* at 538. Sanchez does not assert a claim of "actual innocence," and his challenge to his plea is procedurally barred.

**C. Counsel's assistance was constitutionally effective.**

In this collateral attack, Sanchez argues that his counsel provided constitutionally ineffective assistance by failing to advise him of the nature of the charges against him, possible defenses, the government's burden of proof, and the function of the USSG in his sentence regardless of whether he went to trial or not.

---

[3] Specific dialogue from the plea colloquy will be set for in the analysis of the level of assistance provided by counsel. *See infra* section C.

Under the two-prong test set forth in *Strickland*, Sanchez must first show that counsel's performance was deficient, and second, that he was prejudiced by that deficient performance. *See* 466 U.S. at 686. Sanchez bears the burden of showing that his counsel's representation was constitutionally inadequate. *United States ex rel Johnson v. Johnson*, 531 F.2d 169, 174 (3d Cir.), *cert. denied* 425 U.S. 997 (1976) (citations omitted).

Sanchez argues that counsel provided ineffective assistance in failing to advise him of the nature of the charges against him, the elements of the charges, and possible defenses. As the government points out, Sanchez's Rule 11 plea colloquy tells a different story.

During the plea colloquy, the record indicates that Sanchez was well aware of the charges against him and what evidence the government was prepared to prove if the case proceeded to trial:

> THE COURT: And so you're pleading guilty because you believe that you're guilty and not for any other reason?
>
> MR. SANCHEZ: Yes, sir.
>
> . . . .
>
> THE COURT: Now, I am going to ask Mr. Jenkins who's the Assistant United States Attorney assigned to this case to state for the record the facts that the Government feels they could prove against you.
> Now, I want you to listen carefully because when he's finished I am going to ask you whether you agree that the Government could prove these facts against you and I am also going to ask you whether you admit that the facts that Mr. Jenkins states would be true and correct.

(Gov't Resp., Ex. A, Plea Tr. at 19.) The government then outlined the evidence obtained during the surveillance and ultimate capture of Sanchez and his co-defendants which included a videotape of the pilots' observations, collection of the evidence, and seizure of the defendants from the water. (*Id*. at 20.) The Court then inquired:

> THE COURT: Okay, let me ask you. Do you agree that the [g]overnment could prove the facts against you as stated by Jenkins?
>
> MR. SANCHEZ: Yes, sir.
>
> . . . .
>
> THE COURT: Okay, now I am going to read the count of the indictment to which you have agreed to plead guilty. . . . [T]he Grand Jury charges that on or about September 28th of 2000 at St. Thomas in the District of the Virgin Islands the defendant[] Aguendo De Jesus-Sanchez . . . did knowingly and intentionally conspire[] and agreed . . . to possess with intent to distribute more than 5 kilograms of cocaine . . . in violation of Title 21 of the United States Code, Sections 841 and 846.
> First, Mr. De Jesus-Sanchez, how do you plead to that charge? Guilty or not guilty?
>
> MR. SANCHEZ: Guilty, Your Honor.

(*Id*. at 21.) Sanchez also argues that counsel did not advise him of the government's burden of proof, and the function of the USSG in his sentence regardless of whether he went to trial or not. During the plea colloquy, Sanchez was advised as about the level of punishment he faced:

> THE COURT: And so as you can see there is a substantial difference of opinion with respect to the actual sentence that you might receive and at the sentencing hearing it would be realistic for you to

>	expect that in one . . . version of the Guidelines you might receive somewhere in the range of 15 years and 8 months or perhaps as much as 19 years. But if your lawyers are successful in arguing the positions that you heard . . . outlined, you might receive as little as seven years and three months to nine years bearing in mind that the minimum mandatory sentence under the statute is ten years.
>	So let me ask you. Do you feel that you understand the sentencing ranges in which you might be expected to be sentenced.
>
>	MR. SANCHEZ: Yes, sir.

(*Id*. at 17.) Having reviewed Sanchez's claims under the "strong presumption that the counsel's conduct falls within the wide range of reasonable professional assistance,"[4] and in light of the Rule 11 plea colloquy, the court finds that counsel provided constitutionally effective assistance. Sanchez simply has not shown that, considering the facts of the case, his counsel's challenged actions were unreasonable. *Strickland,* 466 U.S. at 690. Moreover, even if the court were to assume for the sake of argument that counsel's performance was deficient, which it does not find, Sanchez would nonetheless fail on the prejudice prong. Sanchez has failed to show a reasonable probability that, but for counsel's errors, he would not have pled guilty and would have insisted on going to trial. *Hill v. Lockhart*, 474 U.S. 52, 58-59 (1985).

**D. Petitioner's *Apprendi* claim is without merit.**

Petitioner alleges in the instant motion that his sentence was unconstitutionally increased by facts that were not charged in the

---

[4] *Strickland*, 466 U.S. at 688.

indictment and not admitted by him. On appeal, Sanchez raised two issues: 1) that his sentence was imposed in violation of *Apprendi,* and 2) that his counsel was ineffective because she failed to raise the *Apprendi* issue. The Court of Appeals held that both claims lacked merit, stating:

> Under *Apprendi,* a sentencing judge may not determine facts that increase the penalty for a crime beyond the prescribed statutory maximum. However, nothing in *Apprendi* restricts a judge's ability to exercise his or her discretion in imposing a sentence within the range prescribed by statute. Sanchez argues that the sentencing judge determined the amount of cocaine attributable to him and then used this fact to arrive at a sentence. This is true. However, in doing so, the judge arrived at a sentence well within the prescribed statutory range. Sanchez's *Apprendi* challenge therefore has no merit.
>
> Because his *Apprendi* argument is meritless, Sanchez's claim that his counsel provided ineffective assistance by failing to raise an *Apprendi* issue must also fail. Sanchez's counsel's failure to raise *Apprendi* is apparent from the record, therefore we may review Sanchez's ineffective assistance claim on direct appeal. To prove ineffectiveness of counsel, Sanchez must establish his counsel's performance was deficient, and that this deficiency prejudiced the defense. As discussed above counsel's failure to raise *Apprendi* was completely reasonable and did not in any way affect the Court's sentencing decision. We therefore find that Sanchez's ineffective assistance claim lacks all merit.

*United States v. Sanchez,* 53 Fed. Appx. 208, 210-11 (3d Cir. 2002) (internal citations and footnote omitted). This Court need not revisit these issues that have already been resolved by the Court of Appeals. Sanchez also relies on *Blakely* in support of his argument that his sentence has been unconstitutionally enhanced by facts not charged or admitted by him. *Blakely* has not been made

retroactive to cases on collateral review. *Llyod v. United States*, 407 F.3d 608, 610-11 (3d Cir. 2005); *In re Olopade*, 403 F.3d 159, 160 n.1 (3d Cir. 2005).

## III. CONCLUSION

For the reasons stated, the Court will deny Sanchez's motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. An appropriate order follows.

          **E N T E R:**

          **/s/**
          _____
          **CURTIS V. GÓMEZ**
          **CHIEF JUDGE**